## George W. Geiser, Plff. in Err., *v.* County of Northampton.

Where a statute provides what fees a district attorney shall receive, these fees are the compensation attached by law to the office; and beyond these fees he cannot claim, directly or indirectly, compensation for official services.

Whether certain acts done by a public officer are within the scope of the duties of his office is a question of law and must be decided by the court.

(Argued March 9, 1887. Decided October 3, 1887.)

January Term, 1887, No. 355, E. D. All the Judges present. Error to the Common Pleas of Northampton County to review a judgment of compulsory nonsuit in an action of assumpsit. Affirmed.

This was an action by George W. Geiser against the commissioners of the county of Northampton to recover for professional services. The plaintiff was district attorney for the county, and as such received a compensation fixed by law. The services for which an extra compensation was claimed were rendered in the prosecution of an inquiry into certain charges of misfeasance against county officers. A compulsory nonsuit was entered, upon the ground that the services were within the line of plaintiff's duties as district attorney. A motion to strike off the nonsuit was subsequently refused.

ALBRIGHT, P. J., of the thirty-first judicial district, rendered an opinion, in which the facts were stated as follows:

At the time the services for which plaintiff seeks to recover compensation were rendered he was the district attorney of Northampton county. It appears that at April sessions, 1886, the court instructed the grand jurors concerning their powers and duties to make presentments of offenses of public notoriety and within their (the jurors') knowledge, and that the court especially directed attention to alleged falsifications or other irregularities in the accounts of a late treasurer of the county. The jurors were instructed that if they found sufficient grounds, they could make a presentment.

It appears that the grand inquest took cognizance of the matter, and that an investigation was made with a view to further action by that body. To facilitate said inquiry the court, on April 14, 1886, ordered "the county commissioners, county treasurer, and all other county officials to deliver to George W. Geiser, Esq., district attorney, any and all books and accounts which he may desire for the purpose of an investigation into the accounts of the late county treasurer, Sydney Kessler, and that he be permitted to remove the same to such place as he may direct for the purpose of such examination."

On April 16, 1886, the plaintiff, as district attorney, presented his petition to the court of common pleas, representing that in order that the investigation might be thoroughly and satisfactorily made, it was necessary to have certain books which were in said late treasurer's hands, and which the latter declined to give up. What was done pursuant to said petition was not shown clearly; but it seems there was some contest in which the plaintiff and the regularly appointed counsel for the commissioners acted upon the side of the petitioner. A number of books (public records it may be assumed) were removed from the public offices in the court house to the plaintiff's law office, and there an examination of them by the plaintiff and an expert accountant was made, occupying about three weeks. For services in that investigation, including said action in the court of common pleas, and for the use of his law office and for light furnished, the plaintiff seeks to recover in this case. It is claimed that it can be found from the evidence that plaintiff's services in the examination of said accounts (during three weeks) were worth from $100 to $125 a week; that his services

in the court of common pleas were worth about $100, and that the office room and light furnished were of the value of $3 a day.

Whether certain acts done by one who is a public officer are within the scope or line of duty of said office or not, whether or not they are official acts, is manifestly a question of law and must be decided by the court. It would have been error to ask the jury to find whether or not all or any part of the several things done by the plaintiff, and claimed for, came in the line of his duty as district attorney. The powers, duties, and compensation of the district attorney are prescribed by law—what they are is peculiarly a question of law. The statute provides what fees the district attorney shall receive. These fees are the compensation attached by law to the office, the same as if the pay was in the form of an annual salary. Beyond said fees he cannot claim, directly or indirectly, requital for official services. Pa. Const. art. 14, § 5; Wayne County v. Waller, 7 W. N. C. 379; Bussier v. Pray, 7 Serg. & R. 447; Irwin v. Northumberland County, 1 Serg. & R. 505; Mercer County v. Patterson, 2 Rawle, 106.

The learned counsel representing the plaintiff concede that the plaintiff, for official services, can recover nothing except the fees fixed by law. (There is no claim in this action for fees given by the fee bill.) But they insist that what the plaintiff seeks to recover compensation for was outside of his duties as a public officer,—as, said services in the court of common pleas, the supervising of the action of the messenger appointed to procure information in various quarters in the aid of the investigation, the examination of the accounts by the plaintiff, and office room and light.

Everything that was required to be done by an attorney at law in the commonwealth's behalf (in the way of prosecuting or laying the ground for a prosecution), devolved upon the plaintiff as the district attorney of the county.

The object in view was to indict the ex-treasurer (and perhaps other officers) and every act of the plaintiff for which payment is now demanded was done to effect that purpose. The district attorney was seeking evidence to indict and to convict; he sought for it in the books of the treasurer and probably other official books and papers, and in the results of the labors of the special messenger. To obtain access to certain books he invoked the aid of the court of common pleas. To make more convenient and

effective the examination of the books, he had them taken to his own office. Instead of relying upon the expert accountant alone, he gave his own attention to the work. It was an instance of a district attorney giving great and perhaps unusual attention to the preparation of a criminal case. The use of plaintiff's law office and light was involved in the method he adopted to discharge his public duties. It differed only in degree from the use of office room in any other criminal case prepared by the district attorney at his private office.

Upon the facts which could have been found from plaintiff's evidence, he was not entitled to recover.

February 22, 1887, the motion to take off the nonsuit entered at the trial is overruled.

The assignment of error specified the action of the court in refusing to take off the compulsory nonsuit.

*Emmens & Walter,* for plaintiff in error.—There is no conflict of testimony in this case and therefore no doubt as to the facts. The motion for a compulsory nonsuit is similar in its effect to the entry of a demurrer. It admits the truth of the plaintiff's testimony. Miller v. Bealer, 100 Pa. 583.

Does the testimony warrant the conclusion of the learned judge, that the services were in the line of plaintiff's duty as district attorney?

Surely, it will not be pretended that the court has the power to order the official representative of the commonwealth to make such an investigation. Not as district attorney, but as a practising member of the bar, he was subject to the order of the court. As such, and not as district attorney, according to the uncontradicted testimony, he rendered the services for which he claims compensation. Pike County v. Rowland, 94 Pa. 246.

The duty to pay the plaintiff arises from the benefit derived by the county from such services. Lancaster County v. Brinthall, 29 Pa. 38; Potter County v. Oswayo Twp. 47 Pa. 162.

No compensation can be allowed an officer, whose compensation is fixed by law, etc. But for extra duties an officer may receive extra compensation. Converse v. United States, 21 How. 463, 16 L. ed. 192; United States v. Brindle, 110 U. S. 688, 28 L. ed. 286, 4 Sup. Ct. Rep. 180; Shrope v. Northampton County, 1 Lehigh Valley Law Rep. 197; Allegheny County v. Watt, 3 Pa. St. 462.

Plaintiff's services were required by the proper officers of the

county. The presumption was that in employing him they were acting within the scope of their authority and in the line of their duty. Northumberland County v. Bloom, 3 Watts & S. 542; Northampton County v. Innes, 26 Pa. 158.

The county is liable on the contract of a district attorney for detective services. Pinkerton v. City, No. 382, Dec. T. 1883, C. P. No. 4, Phila.

The county is liable for expenses incurred by the prothonotary of the supreme court in providing a room, stationery, etc., for the use of such court. And the clerk of the court, having paid such expenses, may maintain an action to recover the amount of them from the county. McCalmont v. Allegheny County, 29 Pa. 417.

*C. Albert Sandt,* for defendant in error.—A contract to perform the duties of an office is implied by the party accepting it. Com. v. Evans, 74 Pa. 124.

The measure of duties and powers of the county commissioners is the plain language of the act of assembly that defines them. Beyond that measure they cannot be made liable for any service of a county officer however meritorious. They could not extend their obligation so as to bind the county even by an express contract. Close v. Berks County, 2 Woodw. Dec. 453.

The district attorney is a county officer and can only receive such fees as are prescribed by law. Pa. Const. art. 14, § 5; Crawford County v. Nash, 99 Pa. 253; Wayne County v. Waller, 7 W. N. C. 379; Bussier v. Pray, 7 Serg. & R. 447; Irwin v. Northumberland County, 1 Serg. & R. 505; Will v. Eberly, 8 Lanc. Bar, 105.

OPINION BY MR. JUSTICE STERRETT:

An examination of the evidence fails to disclose anything that would have warranted a verdict in favor of plaintiff, for any portion of the claim in suit. On the contrary, it is very evident the meritorious services, shown to have been performed by him, were within the scope of his duty as district attorney of the county. Whether they were or not was a question of law for the court and not one of fact for the jury. In taking this view of the case presented by plaintiff's evidence, the court below was clearly right, for reasons given at length in the opinion of the learned judge who presided at the trial.

Judgment affirmed.